57 F.3d 1078
 25 Envtl. L. Rep. 21,449
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
STATE OF NEVADA, Petitioner,
v.
Hazel R. O'LEARY, Secretary, U.S. Department of Energy, Respondent.
 No. 94-70148.
 United States Court of Appeals, Ninth Circuit.
 June 6, 1995.
 
 Before CUMMINGS,* SCHROEDER and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The State of Nevada ("Nevada") challenges the decision of the Secretary of the United States Department of Energy ("the Secretary") to terminate the study of the origin of calcite-silica deposits in certain locations at Yucca Mountain, Nevada. Nevada contends the calcite-silica deposits indicate that the Yucca Mountain site is unsuitable for use as a repository of high-level nuclear waste. Nevada thus alleges that the Secretary's decision to terminate the investigation of the deposits is a failure to carry out appropriate site characterization activities as required by section 113 of the Nuclear Waste Policy Act ("the NWPA"), 42 U.S.C. Sec. 10133.
 
 
 3
 Nevada seeks to invoke our original jurisdiction pursuant to 42 U.S.C. Sec. 10139(a)(1)(B). Subsection (B) of 42 U.S.C. Sec. 10139(a)(1) provides that the United States Courts of Appeal shall have jurisdiction over an action "alleging the failure of the Secretary, the President, or the Commission to make any decision, or take any action, required under this part." The NWPA, however, does not require the Secretary to take any particular action with respect to site characterization activities. It provides only that "[t]he Secretary shall carry out, in accordance with the provisions of this section, appropriate site characterization activities at the Yucca Mountain site." 42 U.S.C. Sec. 10133(a). In Nevada v. Watkins, 914 F.2d 1545, 1561-63 (9th Cir.1990), cert. denied, 111 S.Ct. 1105 (1991) ("Watkins I"), we recognized that 42 U.S.C. Sec. 10133(c) committed to the Secretary's discretion site characterization activities and concluded that the Secretary did not have a duty to determine at the earliest possible date whether a disqualifying condition existed. Thus, we held that because the Secretary was not required to promulgate the regulations in question, judicial review of the decision not to do so was not available under 42 U.S.C. Sec. 10139(a). Id. at 1563. Therefore, because 42 U.S.C. Sec. 10133(c) does not require the Secretary to conduct any specific site characterization activities, judicial review of her decision to terminate the study of the calcite-silica deposits is not available under 42 U.S.C. Sec. 10139(a)(1)(B). See id.
 
 
 4
 Furthermore, in Nevada v. Watkins, 939 F.2d 710, 715-16 (9th Cir.1991) ("Watkins II"), we interpreted the parallel provision of the NWPA for recommending potential repository sites, 42 U.S.C. Sec. 10132(d), and concluded that by defining certain activities as "preliminary," Congress intended to preclude them from judicial review. In reaching this conclusion, we noted "that reading Secs. 10132(d) and 10133(d) to preclude direct review of the site selection process is consistent with the Congressional purpose and the legislative scheme as a whole." Id. at 716. Thus, because the investigation of the calcite-silica deposits is part of the site characterization process, the decision to terminate the investigation is a "preliminary decisionmaking activity" and, therefore, precluded from judicial review until there is a final decision to recommend Yucca Mountain as the site for the repository. See id. at 715-16 & n. 14; see also Watkins I, 914 F.2d at 1563 (recognizing that site characterization activities conducted under 42 U.S.C. Sec. 10133(c) are considered preliminary decisionmaking activities).
 
 
 5
 Nevada contends that 42 U.S.C. Sec. 10139(a)(1)(B) provides jurisdiction on the theory that the Secretary's study was scientifically flawed. This contention is in conflict with the statutory scheme, designed to preclude judicial review of site characterization activities. Subsection (B) is intended to provide jurisdiction over the Secretary's conduct only if there is a total failure to take a specific action required by the statute. We said as much in Watkins II where we observed that
 
 
 6
 [a]n action under subsection (B) would be appropriate had the Secretary failed to issue the guidelines. Since, however, the Secretary did promulgate the guidelines, subsection (B) does not provide a basis for review. The fact that petitioners allege deficiencies in the guidelines does not signify that the Secretary failed to act within the meaning of subsection (B).
 
 Watkins II, 939 F.2d at 714 n. 11
 
 7
 For the same reasons, Nevada's claim that the decision to terminate the investigation of the calcite-silica deposits is a failure to carry out appropriate site characterization activities does not give rise to a claim that the Secretary "failed to act" within the meaning of subsection (B). See id.
 
 The petition for review is DENIED.[1]
 
 
 *
 Honorable Walter J. Cummings, United States Circuit Judge for the Seventh Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 Because of our disposition we deny the Secretary's motion to dismiss and Nevada's motion for the appointment of a special master